IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HERBERT E. HAILEY II,                    )
                                         )
                    Petitioner,          )
                                         )
v.                                       )          Case No. CIV-07-146-D
                                         )
CHARLES RAY, Warden,[1]                  )
                                         )
                    Respondent.          )

# O R D E R

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a timely objection to the Report, which recommends the denial of Respondent's motion to dismiss. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a state court criminal judgment entered in 2003. Upon preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Judge Argo directed Petitioner to show cause why the action should not be dismissed as time-barred under 28 U.S.C. § 2244(d). Following Petitioner's response to the show cause order, Respondent filed a motion to dismiss the Petition as untimely, to which motion Petitioner objected. Based on these submissions, Judge Argo has conducted a careful analysis of the timeliness issues and concludes that Respondent's motion should be denied.

---

[1] Charles Ray is substituted as Respondent pursuant to Fed. R. Civ. P. 25(d)(1).

Judge Argo's findings and conclusions are unchallenged – and therefore accepted – in the following respects.[2] The judgment under collateral attack became final for limitations purposes on March 3, 2005, when the time expired for seeking certiorari review of the Oklahoma Court of Criminal Appeals' decision on direct appeal. The one-year time limit of § 2244(d)(1) was extended by operation of the tolling provision of § 2244(d)(2) when Petitioner filed on March 3, 2006, a state court application for post-conviction relief. Statutory tolling ended on January 26, 2007, when the Oklahoma Court of Criminal Appeals affirmed the district court's order denying relief. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007). Because Petitioner filed his state court petition on the last day of the one-year period, he had only one day, or until January 27, 2007, to file his federal habeas petition.[3] The Petition was filed with the Court on February 6, 2007. Thus the timeliness of Petitioner's filing hinges on the application of the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), and its progeny.

According to the Tenth Circuit, "an inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005); *see United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143-44 (10th Cir. 2004). Here, Petitioner included in his pleading a declaration that he placed the Petition in the prison mail system on

---

[2] The court of appeals has adopted a "firm waiver" rule that requires a timely and specific objection to preserve an issue for de novo review by the district court. *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[3] Because January 27 fell on Saturday, the deadline became Monday, January 29, 2007.

January 27, 2007.  Because the record presented to Judge Argo does not show whether Petitioner's place of confinement maintains a satisfactory legal mail system, Judge Argo accepts Petitioner's declaration as sufficient to establish timely filing.  Although Respondent provides a mail log showing Petitioner had an item of legal mail addressed to this Court "Received/Sent" on February 5, 2007, Judge Argo finds this evidence to be insufficient to warrant dismissal because Respondent neither explains the prison's mail system nor the significance of the date on the mail log.  *See* Report & Recom. [Doc. 17] at 8-9.

In objection to Judge Argo's Report, Respondent submits an "overdue explanation" of Cimarron Correctional Facility's mail system supported  by the affidavit of an employee, Linda Jester, describing mail room procedures.  *See* Objection [Doc. 18] at 3; Jester Aff.  Respondent contends this additional evidence, when considered with the mail log, discredits Petitioner's statement that he placed the Petition in the facility's mail receptacle on January 27, 2007. Respondent also contends this new evidence establishes the existence of an adequate legal mail system so that under *Price* Petitioner must show his timely use of that system.

The Court rejects Respondent's effort to undermine Judge Argo's analysis with additional evidence not previously presented for consideration.  The Court acknowledges its discretion to receive further evidence in making a *de novo* determination of an issue.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court routinely declines, however, to consider new matter raised for the first time in objection to a magistrate judge's findings.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").  Here, Respondent seeks to raise a new issue of whether the facility has a satisfactory legal mail system to trigger the first method of proof under *Price*.  Yet Respondent's brief in support of his motion to dismiss is silent concerning *Price* or the applicable

method of proof. Thus the Court will not consider this new issue in deciding the proper resolution of the motion.[4]

Considering only the issues properly presented for decision, the Court concurs in Judge Argo's analysis. Under *Price*, where no access to a legal mail system is shown, "the 'mandatory method by which a prisoner . . . proves compliance with the mailbox rule' is to 'submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.'" *Price*, 420 F.3d at 1165 (quoting *Ceballos-Martinez*, 387 F.3d at 1145). Here, Judge Argo correctly finds no legal mail system was shown and Petitioner submitted the requisite declaration. Thus Judge Argo properly concludes Petitioner has made a sufficient showing to avoid dismissal of his Petition as untimely.

Therefore, the Court adopts Judge Argo's Report and Recommendation [Doc. 17] in its entirety. Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 14] is DENIED. Further, absent objection by Petitioner, his Combined Motion for Transcripts and Appointment of Counsel [Doc. 9] is DENIED without prejudice to refiling.

The case is again referred to Judge Argo for further proceedings consistent with this Order and the original referral [Doc. 4].

IT IS SO ORDERED this  30th  day of August, 2007.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] In any event, the employee states the facility does not have a separate legal mail system under which an inmate can deliver a document directly to an employee for logging the date and time it was received. All outgoing mail is instead placed in one box and logged at a later time when it is removed from the box. *See* Jester Aff. ¶¶ 2-3.