**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HERBERT HAILEY II,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )　　**Case No. CIV-07-146-D** |
| | ) |
| **CHARLES RAY, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28

U.S.C. § 2254, seeking habeas relief from his state court convictions.  United States

District Judge Ralph G. Thompson referred this matter to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1]  The Respondent

has filed a response to which Petitioner has replied.[2]  Thus, the petition is at issue.  For

the following reasons, it is recommended that the petition be denied.

By this action, Petitioner challenges his convictions on 23 counts of various sexual

offenses for which he was sentenced on July 8, 2003, to multiple terms of imprisonment

ranging from five years to life.  Petition, p. 2, Ex. A[3]; Case No. CF-2001-1679, District

Court of Oklahoma County, Docket.  On direct appeal, the Oklahoma Court of Criminal

---

[1] The action has since been reassigned to United States District Judge Timothy D. DeGiusti.

[2] Petitioner's Motion for Leave to Submit Oversized Brief [Doc. No. 28] is **GRANTED.**  The reply attached to the motion has been considered.

[3] Citations to page numbers of the petition refer to the typewritten page numbers in the upper left corner of each page.

Appeals affirmed all but one of Petitioner's convictions.[4]  Petition, Ex. A; Hailey v. State, No. F-2003-802 (Okla. Crim. App. Dec. 3, 2004) (attached to Response as Ex. 4). Thereafter, Petitioner sought and was denied state post-conviction relief.  Hailey v. State, No. PC-2006-1145 (Okla. Crim. App. Jan. 26, 2007) (attached to Response as Ex. 8).

Petitioner seeks habeas relief in what he labels four grounds.  In Ground One, Petitioner claims that he was denied the effective assistance of appellate counsel. Petition, p. 5.  In particular, Petitioner contends that appellate counsel should have argued on appeal that trial counsel was ineffective for failing to: (1A) adequately investigate and prepare for trial; (1B) prepare a defense as evidenced by his failure to subpoena important witnesses and hire a computer expert; and (1C) apprise Petitioner of the punishment range for each charge and the benefits of accepting a guilty plea.  Id. at Ex. D.   In Ground Two, Petitioner alleges that the prosecutor engaged in misconduct that denied him a fair trial.  Id. at 7.  More specifically, he contends that the prosecution: (2A) withheld exculpatory evidence; (2B) mislead the trial court and Petitioner as to the scope of the changes affected by the second amended information; (2C) implied that a prejudicial photograph and affidavit existed without offering them at trial; (2D) failed to elect between the various charges; (2E) stacked the charges; (2F) withheld evidence that the alleged victim previously had made false accusations; and (2G) placed the burden of proof on the defense to show when Petitioner purchased his hot tub.  Id. at Ex. E.  In Ground Three, Petitioner claims that the trial court abused its discretion and was biased

---

[4] Originally, Petitioner was convicted of 24 charges and given sentences ranging from 15 years to life imprisonment.  On direct appeal, the Oklahoma Court of Criminal Appeals vacated one conviction and life sentence and reduced the sentences for four other convictions, but affirmed the remaining convictions and sentences.  Petition, Ex. A;  Hailey v. State, No. F-2003-802 (Okla. Crim. App. Dec. 3, 2004).

against him which deprived him of a fair and impartial trial. Id. at 8. In support of this ground, Petitioner alleges that the trial court: (3A) made adverse rulings on his objections at trial; (3B) admitted irrelevant and prejudicial exhibits; (3C) limited the scope of defense counsel's cross-examination of the prosecution's witnesses; (3D) improperly denied his demurrer to the charges; (3E) improperly instructed the jury; and (3F) gestured negatively in front of the jury. Id. at Ex. F. Finally, in Ground Four, Petitioner asserts that his rights under the Fourth and Fourteenth Amendments were violated during a search of his computer. Id. at 10. In particular, Petitioner contends that: (4A) the search went beyond the scope of the warrant by including nude photographs of Petitioner's wife and an adult female which were introduced at trial; (4B) the victim's statement that she saw photographs of herself and her friends on Petitioner's computer did not provide probable cause to support the issuance of the warrant; (4C) the State did not produce any photographs of the alleged victims; and (4D) the search exceeded the scope of the warrant when the police viewed information in United States Postal Service software installed on his computer. Id. at Ex. G.

## I.    STANDARD GOVERNING PETITIONS FOR A WRIT OF HABEAS CORPUS

For factual and legal issues that have been adjudicated in state court, a federal district court may only grant a writ of habeas corpus if the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state

court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the petitioner's case. Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas court still owes deference to the result. Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003). A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and pertinent federal law, that the state court's result "unreasonably applies clearly established federal law." Id. (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## III. DISCUSSION

The response does not address the merits of Petitioner's claims. Instead, Respondent contends that the petition cannot be reviewed on the merits because Petitioner's ineffective assistance of counsel claims brought in Grounds 1A and 1B are

not supported with enough facts to permit review, some of his other claims are procedurally defaulted, and the remainder are unexhausted and subject to an anticipatory procedural bar. Response, pp. 6, 10, 16.

Petitioner insists that he has alleged enough facts to allow for review of his claims on the merits, argues that he is not required to present ineffective assistance of counsel claims to a state court before raising them in a federal habeas petition, suggests that Respondent has waived application of a procedural bar by raising it for the first time in the response, and alleges the ineffectiveness of counsel as cause to excuse any procedural default. Reply, pp. 2-8.

### A.     Ineffective Assistance of Appellate Counsel Claims in Grounds 1A and 1B

In Ground One, Petitioner asserts that appellate counsel rendered ineffective assistance because he failed to argue on direct appeal that Petitioner's trial counsel was ineffective for failing to adequately investigate and prepare for trial (1A) and prepare a defense as evidenced by his failure to subpoena important witnesses and hire a computer expert (1B).[5] Petition, p. 5 and Ex. D.

Petitioner first raised an ineffective assistance of appellate counsel claim during state post-conviction proceedings. The Oklahoma Court of Criminal Appeals refused to grant post-conviction relief for several reasons. First, the Court of Criminal Appeals noted that Petitioner failed to provide sufficient materials in support of his claim to

---

[5] Petitioner also contends that appellate counsel was ineffective for failing to argue that trial counsel was ineffective because he did not apprise Petitioner of the range of punishment that each charge carried and the benefits of accepting a guilty plea. Petition, Ex. D. As this claim is unexhausted, it is addressed elsewhere. However, for the same reasons that Petitioner's other ineffective assistance of counsel claims provide no basis for relief, as discussed more fully herein, this claim of ineffective assistance fails too.

enable them to determine exactly what claims Petitioner's appellate counsel did and did not advance on appeal.  Response, Ex. 8, pp. 5-6.  However, the Court noted that appellate counsel did raise an ineffective assistance of trial counsel claim on direct appeal, but the Court could not tell from the materials submitted by Petitioner all arguments made by appellate counsel in support of that claim.  Second, the Court of Criminal Appeals found that even assuming that appellate counsel had omitted or inadequately raised the claims then raised by Petitioner, he had not shown that appellate counsel's performance was objectively unreasonable merely because counsel did not raise every issue that Petitioner wanted him to argue on direct appeal. Id. at 6-7.  Respondent contends that the ineffective assistance of appellate counsel claims presented in Grounds 1A and 1B are too vaguely alleged to permit review.  Response, p 6.

To establish that counsel was ineffective, a habeas petitioner must show (1) counsel's performance was constitutionally deficient and (2) counsel's deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984). Performance is deficient if counsel's "representation [falls] below an objective standard of reasonableness." Id. at 688.  Errors are prejudicial if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Counsel's performance is evaluated from the attorney's perspective at the time the assistance is rendered and considered in light of all the circumstances prevailing at that time.  Id. at 689.  There is a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." Id. Because both deficient performance and prejudice must be established to prove

ineffective assistance, the concepts may be addressed in any order and it is unnecessary

to consider both when there is an insufficient showing of one.  Fields v. Gibson, 277 F.3d

1203, 1216 (10th Cir. 2002).

In analyzing an ineffective assistance of appellate counsel claim based upon the

failure to raise an issue on appeal, a habeas court should,

> [L]ook to the merits of the omitted issue, generally in relation to the other
> arguments counsel did pursue.   If the omitted issue is so plainly
> meritorious that it would have been unreasonable to winnow it out even
> from an otherwise strong appeal, its omission may directly establish
> deficient performance; if the omitted issue has merit but is not so
> compelling, the case for deficient performance is more complicated,
> requiring an assessment of the issue relative to the rest of the appeal, and
> deferential consideration must be given to any professional judgment
> involved in its omission; of course, if the issue is meritless, its omission
> will not constitute deficient performance.

Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (citations and quotations omitted).

Unless there is a reasonable probability that the omitted claim would have resulted in the

provision of relief on appeal, there is no ineffective assistance of appellate counsel.  Neill

v. Gibson, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001).

The undersigned finds, as Respondent has argued, that Petitioner's ineffective

assistance of appellate counsel claims are not alleged with sufficient specificity to enable

review on their merits.  To evaluate Petitioner's ineffective assistance of appellate counsel

claim based upon counsel's omission of ineffective assistance of trial counsel claims from

the direct appeal, the substance of the omitted ineffective assistance claims must be

examined.  However, Petitioner has not discussed the facts underlying the ineffective

assistance of trial counsel claims that he believes appellate counsel should have raised.

See Petition, Ex. D.   Petitioner also claims that trial counsel did not adequately

investigate or prepare for trial, but he has not identified the actions that he believes trial counsel should have taken to better investigate and prepare for trial. See id. He further alleges that trial counsel failed to prepare a defense, subpoena important witnesses, and call a computer expert. But Petitioner has not named the important witnesses that were not called or discussed what testimony they and a computer expert could have been expected to give. See id. Petitioner's lack of specificity concerning trial counsel's performance does not meet his burden to show that appellate counsel performed deficiently by failing to raise ineffective assistance of trial counsel claims on direct appeal. See Young v. Sirmons, 486 F.3d 655, 677 (10th Cir. 2007) (refusing to consider appellate counsel's ineffectiveness for failing to raise trial counsel's ineffectiveness where petitioner had not sustained burden to show prejudice stemming from trial counsel's alleged errors), petition for cert. filed Dec. 31, 2007.

In his 88-page application for post conviction relief, Petitioner raised several claims of ineffective assistance of appellate counsel and made factual allegations in support of those claims. Response, Ex. 5a, pp. 24-29. However, this Court's function is not to "supply additional factual allegations . . . or construct a legal theory on [a litigant's] behalf," see Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997), because doing so "borders on advocacy," and requires speculation as to what Petitioner wished to argue in support of these claims. See Richards v. Bellmon, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991). Further, while it is true that as a pro se litigant, Petitioner is entitled to a liberal construction of his pleadings, he nevertheless is obligated to "state the facts supporting each ground." Rule 2(b), Rules Governing Section 2254 Cases. The broad

reading of the petition does not relieve Petitioner, "of the burden of alleging sufficient facts on which a recognized legal claim could be based . . . [because he] requires no special legal training to recount the facts surrounding his alleged injury . . . ." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); accord United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claim presented in § 2255 motion because the allegations were "merely conclusory in nature and without supporting factual averments."). As noted, appellate counsel did raise ineffective assistance of trial counsel claims on direct appeal so it is obvious that he did in fact review trial counsel's performance and made a decision as to which ineffective assistance of trial counsel claims would be best to raise. Petitioner's ineffective assistance of appellate counsel claims in Grounds 1A and 1B do not merit relief.

### B.   Remaining Claims

Turning to the remaining claims, Respondent contends that Grounds 2B, 2C, 2F, 2G, and 4C are procedurally barred, and that Grounds 1C, 2A, 2D, 2E, 3A, 3B, 3C, 3D, 3E, 3F, 4A, 4B, and 4D are unexhausted. See Response, pp. 6, 10, 16-17. Respondent further asserts that Petitioner has not shown cause and prejudice to excuse his procedural default or that a fundamental miscarriage of justice will occur if a procedural bar is applied. Id. at 14-16. Insofar as the unexhausted claims are concerned, Respondent requests the application of an anticipatory procedural bar. Id. at 17-18.

### 1.   Procedural Default

After Petitioner was convicted, he appealed his convictions and sentences and obtained partial relief. Response, Exs. 2, 4. Thereafter, in an 88-page application for

post-conviction relief, Petitioner asserted a myriad of claims in what he labeled eleven

propositions for relief. Response, Ex. 5a. The Oklahoma Court of Criminal Appeals

refused to review all but Petitioner's ineffective assistance of appellate counsel claims,

noting that his other claims were "either res judicata or waived" because they "were or

could have been raised within his direct appeal." Response, Ex. 8, p. 4.

A federal habeas court will not review a claim that has been "defaulted in state

court on an independent and adequate state procedural ground, unless the petitioner can

demonstrate cause and prejudice or a fundamental miscarriage of justice." English v.

Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). "A state procedural ground is independent

if it relies on state law, rather than federal law, as the basis for the decision." Id. "A state

court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is

strictly or regularly followed." Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994)

(quotations omitted). In general, Oklahoma's application of res judicata and waiver

principles to claims raised in a post-conviction proceeding is both an "independent" and

"adequate" state procedural bar. Id. at 1356.

> Once the state pleads the affirmative defense of an independent and
> adequate state procedural bar, the burden to place that defense in issue
> shifts to the petitioner. This must be done, at a minimum, by specific
> allegations by the petitioner as to the inadequacy of the state procedure.

Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999). Petitioner tries to sustain this

burden by contending that "[m]any of the [his] claims are based on [the] assertion of

ineffective assistance of counsel." Reply, p. 2. Petitioner essentially argues that

Oklahoma's procedural bar is inadequate to prevent a habeas petitioner from raising an

ineffective assistance of counsel claim as cause to excuse the procedural default of a

federal habeas claim.  Id. at 2-4.  It is true that the Tenth Circuit Court of Appeals has expressed some concern with the Oklahoma Court of Criminal Appeals' application of a procedural bar to ineffective assistance of counsel claims raised for the first time in post-conviction proceedings.  See Smallwood v. Gibson, 191 F.3d 1257, 1268 (10th Cir. 1999).  However, the Court has long held that Oklahoma's application of a procedural bar under such circumstances is adequate so long as "'trial and appellate counsel differ' *and* the 'claim can be resolved upon the trial record alone.'" Smith v. Mullin, 379 F.3d 919, 926 (10th Cir. 2004) (quoting English, 146 F.3d at 1264).  These requirements are met in Petitioner's case because his trial and appellate attorneys differed and there is no showing that the ineffective assistance claims could not be determined from the record alone.  See Petition, p. 12.

Petitioner also cites Ake v. Oklahoma, 470 U.S. 68 (1985), to argue that Oklahoma's waiver rule is inadequate as applied to ineffective assistance of counsel claims because they are federal constitutional claims of "fundamental error."  Reply, p. 5.  This argument is unavailing because the Supreme Court has never applied the Ake rule in federal habeas proceedings, Coleman v. Thompson, 501 U.S. 722, 741 (1991), and "[r]ecent Oklahoma cases have made clear . . . that the fundamental error exception does not apply to claims for which the right to seek post-conviction relief has been forfeited." Steele v. Young, 11 F.3d 1518, 1522 n.5 (10th Cir. 1993).  Moreover, the argument is inapposite.  The Oklahoma Court of Criminal Appeals only applied the waiver bar to Petitioner's ineffective assistance of trial counsel claims since it reviewed his ineffective assistance of appellate counsel claims on their merits.   Petitioner does not raise any

11

ineffective assistance of trial counsel claims in this petition.  Instead, he only raises

ineffective assistance of appellate counsel claims which the Oklahoma Court of Criminal

Appeals reviewed on the merits.  Thus, contrary to Petitioner's claims, the Oklahoma

Court of Criminal Appeals did not apply a procedural bar to any ineffective assistance

of counsel claim presented in the federal habeas petition.

Respondent argues that Grounds 2B, 2C, 2F, 2G, and 4C fall within the scope of

the res judicata and waiver bars applied to Petitioner's post-conviction application.

Response, p. 10, 13.  However, Respondent has not explained the basis for this assertion

or directed the Court to supporting portions of the record.  Thus, the undersigned

undertook a detailed review of the claims presented in the petition, those raised on direct

appeal, and those presented in Petitioner's post-conviction pleadings, along with their

underlying facts.  As a result of that review, the undersigned concludes that Grounds 2C,

3B, 3E, 4A, and 4D are encompassed by the procedural bar that the Oklahoma Court of

Criminal Appeals applied to Petitioner's post-conviction application.[6]  See Response, Ex.

2, pp. 7-12, 17-19, Ex. 5a, pp. 9-10, 43-45, 61-64, 66-74, 87.  Therefore, these grounds are

procedurally barred from federal habeas review unless Petitioner demonstrates cause for

the default and actual prejudice, or shows that failure to consider the claim will result

---

[6] The conclusion that Grounds 3B, 3E, 4A, and 4D are procedurally barred instead of Grounds 2B, 2F, 2G, and 4C as Respondent argues is of no practical significance because the undersigned also concludes that all of the Petitioner's claims not addressed in the ineffective assistance of appellate counsel and procedural bar discussions of this Report and Recommendation are unexhausted and subject to an anticipatory procedural bar.  Accordingly, whether procedurally barred or unexhausted and subject to an anticipatory procedural bar, none of the claims discussed in Part III.B are addressed on their merits or provide a basis for granting relief.

in a fundamental miscarriage of justice.  <u>Coleman</u>, 501 U.S. at 750; <u>see also</u>  <u>English</u>, 146 F.3d at 1259.

"Cause . . . must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . ."  <u>Coleman</u>, 501 U.S. at 753 (quotations omitted).  Absent a showing of cause, there is no need to consider the existence of prejudice.  <u>Steele</u>, 11 F.3d at 1522 n.7.

A showing that a defendant received ineffective assistance of counsel will establish cause excusing a procedural default.  <u>Ellis v. Hargett</u>, 302 F.3d 1182, 1186 (10th Cir. 2002).  However, an ineffective assistance of counsel claim asserted as cause must be presented as an independent claim to the state courts.  See <u>Johnson v. Gibson</u>, 254 F.3d 1155, 1159-60 (10th Cir. 2001).  Petitioner has not fairly presented the merits of any ineffective assistance of appellate counsel claim to the Oklahoma Court of Criminal Appeals.  Although Petitioner raised certain ineffective assistance of appellate counsel claims in his post-conviction proceedings, these claims are not the same claims presented in Grounds 2B, 2C, 2F, 2G and 4C.  Further, the Court of Criminal Appeals determined it could not review the claims Petitioner did present because he failed to sustain his burden to provide them with information sufficient to allow review of the claims on their merits.  Response, Ex. 8, pp. 5-6.  Thus, the Court found that Petitioner had not met his burden of showing that his appellate counsel was ineffective.  Since Petitioner's ineffective assistance of counsel claims asserted as cause are themselves unexhausted, they cannot excuse his procedural default.

As Petitioner cannot show cause to excuse his defaults, he must show that a fundamental miscarriage of justice will occur if the Court does not consider his claims. Coleman, 501 U.S. at 750.  The fundamental miscarriage of justice exception is "an extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "To prevail, [Petitioner] must identify evidence that affirmatively demonstrates his innocence." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999); accord Steele, 11 F.3d at 1522 ("The fundamental miscarriage of justice exception is available only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence." (quotation omitted)).

Petitioner repeatedly claims that he is actually innocent and that a fundamental miscarriage of justice will occur if a procedural bar is applied to his habeas claims, but he has not pointed to any evidence affirmatively demonstrating his innocence.  Absent a colorable showing of his innocence, Petitioner's claims raised in Grounds 2C, 3B, 3E, 4A, and 4D are procedurally barred from federal habeas review.

### 2.    Unexhausted Claims

Section 2254(b)(1) generally requires a state prisoner to exhaust state court remedies prior to commencing a federal habeas action.  Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006), cert. denied 127 S. Ct. 2117 (2007).  A claim is exhausted if it has been "fairly presented" to a state's highest court.  Id. (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).  "'Fair presentation' requires more than presenting 'all the facts

necessary to support the federal claim' to the state court or articulating a 'somewhat similar state-law claim.'" Id. (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)). "Fair presentation" occurs when the petitioner raises the "substance" of the federal claim in state court. Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997). "Fair presentation" does not require the petitioner to "cite book and verse on the federal constitution," Bland, 459 F.3d at 1011 (quoting Picard, 404 U.S. at 278), but the state court must be alerted that the petitioner is asserting federal constitutional claims and the petition's allegations and supporting evidence must offer the state court "'a fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Demarest, 130 F.3d at 932 (quoting Harless, 459 U.S. at 6).

As with the procedurally defaulted claims discussed above, the undersigned has thoroughly reviewed the claims presented in the petition, on direct appeal, in Petitioner's application for post-conviction relief, and his petition in error along with the facts underlying the arguments raised in these materials, and concludes that Grounds 1C, 2A, 2B, 2D, 2E, 2F, 2G, 3A, 3C, 3D, 3F, 4B, and 4C are unexhausted.

As the petition contains both exhausted and unexhausted claims, it is a "mixed" petition. Pliler v. Ford, 542 U.S. 225, 227 (2004) (quotation omitted). When a district court is presented with a mixed petition, it generally "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (discussing options in light of § 2254(b) and Rose v. Lundy, 455 U.S. 509 (1982)). However, if it is beyond dispute that an unexhausted claim would be procedurally barred

15

according to state law if the petitioner returned to state court to exhaust the claim, the claim is subject to the application of an anticipatory procedural bar. Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007) (applying Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2006)).

Were Petitioner to return to state court to exhaust his claims, the Oklahoma Court of Criminal Appeals undoubtedly would apply its waiver bar embodied in Okla. Stat. tit. 22, § 1086 to Petitioner's subsequent application for post-conviction relief. In Oklahoma, "post-conviction relief is reserved only for the rare set of circumstances where a particular claim 'could not have been raised on direct appeal.'" Brecheen, 41 F.3d at 1349 n. 4; see Okla. Stat. tit. 22, § 1086. Moreover, as explained earlier, the application of the waiver procedural bar found in § 1086 is both an independent and adequate state procedural ground.[7] Thus, Petitioner's unexhausted claims in Grounds 1C, 2A, 2B, 2D, 2E, 2F, 2G, 3A, 3C, 3D, 3F, 4B, and 4C are subject to an anticipatory procedural bar that is independent and adequate. Therefore, these claims should be considered procedurally defaulted.

Again, whether a claim is procedurally barred because it was defaulted in state court or because an anticipatory procedural bar has been applied, it may not be considered for  federal habeas review unless the petitioner demonstrates cause for the

---

[7] The application of the waiver bar of § 1086 to Petitioner's ineffective assistance of appellate counsel claim contained in Ground 1C does not implicate the concerns related to the application of procedural bars to ineffective assistance of counsel claims that were addressed in Brecheen. The Tenth Circuit Court of Appeals has held that reliance upon § 1086 as a basis for refusing to consider claims presented in a subsequent application for post-conviction relief that were not raised in an initial application is an independent and adequate basis for refusing to consider an ineffective assistance of counsel claim. See Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

default and actual prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; see also English, 146 F.3d at 1259. As with his procedurally barred claims, Petitioner suggests the ineffectiveness of counsel as cause to excuse his failure to raise these claims in state court. The ineffectiveness of counsel cannot serve as cause to excuse Petitioner's failure to raise these claims during state post-conviction review though because there is no right to counsel in post-conviction proceedings. See 28 U.S.C. § 2254(i); Smallwood, 191 F.3d at 1267 n.4. Further, as discussed earlier, Petitioner has not shown that a fundamental miscarriage of justice will occur if the Court does not consider his claims. Accordingly, Grounds 1C, 2A, 2B, 2D, 2E, 2F, 2G, 3A, 3C, 3D, 3F, 4B, and 4C are procedurally barred and provide no basis for relief.

## IV.    REQUEST FOR EVIDENTIARY HEARING

Petitioner has asked the Court to grant him an evidentiary hearing. Petition, p. 2. Respondent asserts that an evidentiary hearing is unnecessary. See Response, p. 4.

A habeas court's ability to hold an evidentiary hearing is limited. See 28 U.S.C. § 2254(e)(2). "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that" his claim relies on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(i)-(ii). If a petitioner crosses this hurdle, he still must show that the facts underlying his claim would "establish by

17

clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. § 2254(e)(2)(B); Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000).  A petitioner has failed to develop his claim if "there is a lack of diligence, or some greater fault" on his part. Young, 486 F.3d at 679 (quoting Williams, 529 U.S. at 432).

Assuming for the moment that Petitioner has diligently pursued the factual development of his claims in state court by requesting an evidentiary hearing during post-conviction proceedings, before he is entitled to an evidentiary hearing, he must show that his allegations, if true and not controverted by the existing record, would entitle him to habeas relief.  See Hammon v. Ward, 466 F.3d 919, 927 (10th Cir. 2006). Petitioner has no made such a showing.  Accordingly, Petitioner's request for an evidentiary hearing should be denied.

### RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus [Doc. No. 1] be **DENIED**.  Accordingly, Petitioner's Motion to Expand the Record [Doc. No. 19] is **DENIED**.  Further, Petitioner's Motion to Compel Production of Documents and For Enlargement of Time to Reply [Doc. No. 27] is **DENIED** and Petitioner's Motion for Leave to Submit Oversized Brief [Doc. No. 28] is **GRANTED.**

The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 20, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to

appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 31st day of January, 2008.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE