IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERBERT E. HAILEY II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-146-D |
| ) | |
| CHARLES RAY, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 29] issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) on the merits of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Petitioner has filed a timely objection to the Report and Recommendation, in which Judge Argo recommends denial of the Petition on grounds that Petitioner has failed to provide sufficient facts to merit relief on his claim of ineffective assistance of appellate counsel and that his remaining claims are procedurally barred. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks federal habeas relief based on claims of error in a state criminal case that resulted in convictions of 23 sexual offenses and prison sentences ranging from five years to life imprisonment.[1] Petitioner presents multiple claims grouped into four

---

[1] The Court accepts the accuracy of Judge Argo's summary of the procedural history of state court proceedings and the claims asserted in this case in all respects not specifically challenged by Petitioner. Petitioner has waived review of all issues as to which he has made no specific objection. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

grounds for relief: Ground 1, ineffective assistance of appellate counsel; Ground 2, prosecutorial misconduct; Ground 3, trial court errors; and Ground 4, unconstitutional search of Petitioner's computer. Ground 1 was raised and decided, for the most part, in state post-conviction proceedings.[2] The Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's order denying relief because Petitioner failed to provide copies of any appellate pleadings filed in his direct appeal and failed to establish his claim that appellate counsel provided ineffective assistance. Judge Argo similarly finds that Petitioner has failed to provide sufficient facts in support of this claim to permit federal review and to show that his appellate counsel was ineffective. Certain parts of Grounds 2, 3, and 4 were first raised in state post-conviction proceedings and determined by OCCA to be procedurally barred. Judge Argo finds Petitioner has failed to allege or establish a legally sufficient excuse for his procedural default of these claims, which are therefore barred from federal habeas review. Petitioner's remaining claims (one part of Ground 1 and most parts of Grounds 2, 3 and 4) were not raised in Petitioner's state court application for post-conviction relief. As to these claims, Judge Argo finds they are unexhausted and subject to an anticipatory procedural bar. Finally, Judge Argo finds that Petitioner's request for an evidentiary hearing should be denied because he has failed to show that his allegations, if true, would entitle him to habeas relief.

Petitioner's 34-page Objection to the Report contains lengthy arguments concerning both the issues addressed by Judge Argo and other issues that are unnecessary to the Court's decision. The gist of Petitioner's objection is that this Court should conduct a *de novo* review of the Petition and the record and, upon so doing, should either grant him relief on his habeas claims or grant him

---

[2] Petitioner claims appellate counsel provided ineffective assistance by omitting from his direct appeal three alleged errors by trial counsel that would have supported a claim of ineffective assistance of trial counsel. One of these issues is raised for the first time in the federal petition.

a further opportunity to be heard. The Court has considered Judge Argo's findings, reviewed the case record, examined Petitioner's arguments, and made a *de novo* determination of the issues specifically raised by Petitioner's Objection. For reasons that follow, the Court concurs in Judge Argo's conclusions.

First, as to Petitioner's claim of ineffective assistance of appellate counsel, the Court finds that Petitioner has failed to provide factual support for his claim that the attorney who represented him on direct appeal was constitutionally ineffective. In the Petition, Petitioner's allegations concerning appellate counsel's performance appear in a one-page attachment marked "Exhibit D." The only identified issues that Petitioner's appointed counsel allegedly failed to develop on direct appeal (aside from a vague reference to "due process violations" at trial) were "relevant instances of the ineffectiveness of petitioner's trial counsel." *See* Petition, Ex. D [Doc. 1-5]. In an apparent statement of these instances, Petitioner lists only trial counsel's "inadequate investigation and preparation;" failure "to prepare a defense, . . . to subpoena important witnesses, . . . [and] to provide computer expert that would refute claims and expert testimony of state witnesses;" and failure to advise Petitioner regarding the potential punishment for each charge and the potential benefits of a guilty plea. *See* Petition, Ex. D [Doc. 1-5]. These allegations remain unexplained in any brief filed by Petitioner in this case. In his Objection, Petitioner provides a lengthy recitation of the many alleged errors by trial counsel raised in his state application for post-conviction relief. However, Petitioner does not specify which of these many errors he believes should have been, but were not, raised by appellate counsel nor which of these allegations he believes support his federal claim that <u>appellate</u> counsel was ineffective. Petitioner concedes that appellate counsel expressly argued on

direct appeal that trial counsel provided ineffective assistance due to the attorney's failure to present evidence and other trial errors. *See* Objection [Doc. 32] at 13.

In his Objection, Petitioner faults Judge Argo for failing to search the record for additional allegations to support his claim of ineffective assistance of appellate counsel. Petitioner states that he "did not believe that it was necessary to repeat every single instance of his previously raised claims of ineffective assistance of counsel in his federal habeas brief, because he believed that it was part of the state court record which would be forwarded and become a part of the federal court record as part of his habeas adjudication." *See* Objection [Doc. 32] at 8. Far from being a "hypertechnicality," *id*. at 9, Petitioner's obligation to specify the grounds for relief and to "state the facts supporting each ground" is mandated by federal pleading rules governing habeas petitions. *See* Rules Governing Section 2254 Cases, Rule 2(c). The Court finds that Petitioner has failed to satisfy his obligation to allege sufficient facts to support his claim of ineffective assistance of appellate counsel.

Regarding his procedural default, Petitioner does not challenge Judge Argo's finding that no claim of ineffective assistance of trial counsel is raised in the Petition. Thus, the Court need not address Petitioner's arguments concerning the adequacy of OCCA's procedural bar rule with respect to such claims.[3] Rather, the pertinent question is whether Petitioner has presented a sufficient claim of ineffective assistance of appellate counsel to excuse his procedural default of, or failure to exhaust, the remaining claims asserted in his Petition. As far as the Court can determine, Petitioner

---

[3] To the extent Petitioner intended to raise such a claim in his federal case but omitted it because OCCA found the claim to be procedurally barred, the Court finds that Petitioner has not alleged facts to show that Oklahoma's application of its procedural bar rule is inadequate under the circumstances.

does not claim in Ground 1 that his appellate counsel was ineffective for failing to raise on direct appeal the issues presented in Grounds 2, 3 and 4.  Thus, Ground 1 cannot establish cause for his default of these claims.  Further, Petitioner does not otherwise argue that appellate counsel was ineffective for failing to raise on direct appeal other issues listed in his Petition.  Therefore, Petitioner has failed to allege a sufficient cause to permit federal courts to reach the merits of his remaining claims.[4]

Petitioner also clearly fails to allege a basis for avoiding the procedural bar under the fundamental-miscarriage-of-justice exception, or "actual innocence gateway," to federal habeas review.  The law of this circuit is clear:

> To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. . . ." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324, 115 S.Ct. 851.  This new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence.

*Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007).  Petitioner's arguments do not suggest the existence of any such evidence.

For these reasons, the Court adopts Judge Argo's Report and Recommendation [Doc. 29]. The Court finds that Petitioner has failed to allege sufficient facts to support his claim of ineffective

---

[4] The Court notes Petitioner argues, in part, that the state courts unfairly denied his claim of ineffective assistance of appellate counsel because he mistakenly believed the trial court would obtain a copy of the appellate brief from OCCA.  *See* Objection [Doc. 32] at 6-7.  To the extent Petitioner contends his *pro se* mistakes should excuse his procedural default, he is incorrect.  To demonstrate "cause" for a default, Petitioner must show "something external . . . , something that cannot fairly be attributed to him."  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

assistance of appellate counsel and that all other claims asserted in the Petition are procedurally barred from federal review.  Further, Petitioner has failed to justify an evidentiary hearing on his claims under 28 U.S.C. § 2254(e)(2).

IT IS THEREFORE ORDERED that the Petition for federal habeas corpus relief  [Doc. No. 1] is denied.  Judgment will be entered accordingly.

IT IS FURTHER ORDERED that Petitioner's Motion to Reconsider Motion for Leave to Proceed In Forma Pauperis [Doc. No. 33] is denied as moot.

IT IS SO ORDERED this 5th day of August, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE